IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

MARCK A. ANARIBA MARTINEZ,

        Petitioner,

      vs.

DAVID EASTERWOOD, Field Office Director for Enforcement and Removal Operations, St. Paul Field Office, Immigration and Customs Enforcement; TIM DECKER, Sheriff of Dakota County, Nebraska; MARKWAYNE MULLIN, Secretary of the Department of Homeland Security; DAVID VENTURELLA, Acting Director, U.S. Immigration and Customs Enforcement; and TODD BLANCHE, Acting Attorney General of the United States,

        Respondents.

4:26CV3182

ORDER TO SHOW CAUSE

Petitioner Marck A. Anariba Martinez, a citizen of Honduras who entered the United States in May 2023 as an unaccompanied child (UAC) and was given Office of Refugee Resettlement paperwork and released, has brought this action for habeas corpus relief pursuant to 28 U.S.C. § 2241, following his redetention in May 2026 without a meaningful bond process. Filing 1 at 1–2. He contends, "If DHS had a valid I-200 and detainer, those documents confirm section 236 custody. If DHS did not validly serve or execute them, then [his] arrest and transfer were unlawful under 8 U.S.C. § 1357, 8 C.F.R. § 287.7, the Fourth Amendment, the Due Process Clause, and the [Administrative Procedure Act (APA)]." He asserts nine claims for habeas relief. Filing 1 at 17–21. No summons has been issued and no proof of service on any Respondent has been filed so far. Nevertheless, the Court concludes that it should enter this Order to Show Cause.

1

As the United States Supreme Court explained, "In enacting the present Title 28 of the United States Code [in 1948], Congress largely recodified the federal courts' pre-existing habeas authority in §§ 2241 and 2243, which, respectively, confer the power to grant the writ and direct the issuing court to 'dispose of the matter as law and justice require.'" *Jones v. Hendrix*, 599 U.S. 465, 473 (2023) (quoting 62 Stat 869, 964–65). As to habeas relief, "a habeas court is 'not bound in every case' to issue the writ." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (quoting *Ex parte Royall*, 117 U.S. 241, 251 (1886)). Instead, "[t]he habeas statute provides only that a writ of habeas corpus "*may* be granted." *Id.* (quoting 28 U.S.C. § 2241(a), with emphasis added by the Supreme Court).

As to the applicable procedure for habeas actions, 28 U.S.C. § 2243 provides as follows:

A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

The writ, or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed.

The person to whom the writ or order is directed shall make a return certifying the true cause of the detention.

When the writ or order is returned a day shall be set for hearing, not more than five days after the return unless for good cause additional time is allowed.

Unless the application for the writ and the return present only issues of law the person to whom the writ is directed shall be required to produce at the hearing the body of the person detained.

The applicant or the person detained may, under oath, deny any of the facts set forth in the return or allege any other material facts.

The return and all suggestions made against it may be amended, by leave of court, before or after being filed.

The court shall summarily hear and determine the facts, and dispose of the matter as law and justice require.

2

28 U.S.C. § 2243. Thus, "[u]nder 28 U.S.C. § 2243, '[a] court, justice or judge entertaining an application for a writ of habeas corpus' must schedule a hearing on the matter unless it is clear from the application that a petitioner is not entitled to relief." *Crayton v. United States*, 27 F.4th 652, 656 (8th Cir. 2022).

This Court concludes that it is not clear from Anariba Martinez's Petition that he is not entitled to relief. *Id.*; 28 U.S.C. § 2243 (stating that the court must grant habeas relief or hold a show-cause hearing "unless it appears from the application that the applicant or person detained is not entitled thereto."). On the other hand, the Court declines to "forthwith award the writ" based on no more than Anariba Martinez's unverified allegations in the Petition prepared by his attorney. 28 U.S.C. § 2243. Instead, the Court concludes that the proper course in this case is to "issue an order directing the respondent[s] to show cause why the writ should not be granted." *Id.*

Section 2243 sets out certain times for Respondents' "return" of the order to show cause and the setting of a hearing. *Id.* While the Court will set a time frame for Respondents to "make a return certifying the true cause of the detention," the time for Respondent to do so will not begin to run until Respondents are served with Anariba Martinez's Petition and this Order to Show Cause. The Court finds good cause, based on the circumstances and allegations presented, to allow Anariba Martinez the opportunity for a written reply after Respondents make their return but before any show-cause hearing. *Id.* (stating, "When the writ or order is returned a day shall be set for hearing, not more than five days after the return unless for good cause additional time is allowed."). Because the deadlines for Respondents' return and Anariba Martinez's reply depend upon service on the Respondents, the Court will not set a date and time for any show-cause hearing at this time.

Accordingly,

IT IS ORDERED that

3

1.      Petitioner Anariba Martinez shall serve his Petition and a copy of this Order to Show Cause on Respondents without delay and shall file proof of such service with the Court within twenty-four hours of effecting such service;

3.      Respondents shall make a return certifying the true cause of Anariba Martinez's detention and why his Petition should not be granted not later than three business days after service of Anariba Martinez's Petition and this Order to Show Cause;

4.      Petitioner Anariba Martinez shall have three business days after Respondents file their return(s) to file any reply.

5.      Upon the filing of Respondent's return(s) and Anariba Martinez's reply, the Court will promptly determine whether to set a hearing on this matter.

Dated this 25th day of June, 2026.

BY THE COURT:

Brian C. Buescher
United States District Judge